UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:26cv23297

LINDSEY E. WEISS,

     Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD. d/b/a
ROYAL CARIBBEAN GROUP,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, LINDSEY E. WEISS, is a citizen of the state of Illinois.

2. Defendant, ROYAL CARIBBEAN CRUISES, LTD. d/b/a Royal Caribbean Group (at times "Royal Caribbean"), is a foreign entity incorporated in the Republic of Liberia, which its principal place of business in Miami, Florida.

3. This matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

c.  Operated vessels in the waters of this state;

d.  Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f.  Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the cruise ships.

5.  At all times material hereto, Defendant is subject to the jurisdiction of the courts of this state.

6.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7.  At all times material hereto, Defendant owned, operated, managed, maintained, controlled and/or had exclusive custody of the vessel, *Utopia of the Seas* ("the vessel").

8.  On or about July 1, 2025, Plaintiff was a paying passenger aboard the vessel, which at all times material Defendant operated in navigable waters.

9.  On or about the afternoon of July 1, 2025, the Plaintiff was playing laser tag in Studio B, which was set up directly on top of the ice-skating rink, when she suddenly and unexpectedly slipped and fell on a wet, slippery, and/or hazardous liquid and/or condensation on the floor, thereby sustaining severe injuries.

10. The wet, slippery, and/or hazardous liquid and/or condensation on the floor was not open and obvious to the Plaintiff prior to this incident, not known to the Plaintiff or reasonably

communicated to the Plaintiff by Defendant at the time of the incident and there was nothing the Plaintiff could have done to prevent her incident.

## DEFENDANT'S NOTICE

11. At all times material hereto, Defendant knew or should have known that it was reasonably foreseeable for passengers to be injured due to the wet, slippery, and/or hazardous liquid and/or condensation on the floor set directly on top of the ice-skating rink aboard Defendant's vessel, as it occurred on the date of Plaintiff's incident.

12. At all times material hereto, Defendant knew or should have known that it was highly probable for passengers to be injured due to wet, slippery, and/or hazardous liquid and/or condensation on the floor set directly on top of the ice-skating rink, considering prior incidents occurring on Defendant's vessels. For instance,

   a. On or about June 1, 2023, a passenger (J.L.) suffered severe injury when she slipped and fell on a wet spot on the floor of the Laser Tag arena aboard the *Independence of the Seas* in a claim under Case No. 24-cv-22463.

   b. On or about October 6, 2022, a passenger (T.T.) suffered severe injury when he slipped and fell on a foreign liquid substance/water that was on the floor that covered the ice in Studio B while in the laser tag area aboard the *Navigator of the Seas* in a claim under Case No. 22-cv-23492.

13. At all times material hereto, the prior incidents listed above suggest that since at least 2022, Defendant knew or should have known that passengers could suffer severe injury due to wet, slippery, and/or hazardous liquid and/or condensation on the floor set directly on top of the ice-skating rink aboard its vessels and thus this knowledge invited corrective measures from Defendant.

14. At all times material hereto, policies and/or procedures and/or industry standards have been implemented for wet, slippery, and/or hazardous liquid and/or condensation on the floor set directly on top of the ice-skating rink, to warn passengers, like the Plaintiff, of possible dangers. The policies and/or procedures and/or industry standards include, but are not limited to, designating a separate area to conduct the laser tag rather than placing flooring directly on top of the ice-skating rink, placing visible caution signs and/or wet floor and/or warning signs, drying the area and maintaining the area dry by way of crewmembers regularly and frequently monitoring the area as in this incident, placing blowers in the area, setting up and/or installing the laser tag activity in another area onboard and not directly on top of the ice skating rink, placing and/or installing anti-slip rugs and/or mats, and even diverting passengers to a different area when wet, slippery, and/or hazardous liquid and/or condensation are present on the floor aboard Defendant's vessels. Based on the implementation of such policies and/or procedures and/or industry standards, Defendant knew or should have known of possible dangers to avoid, including the injury sustained by Plaintiff in the current matter.

15. Plaintiff is unable to presently determine all of the prior similar incidents which have occurred providing notice to the Defendant, because Defendant regularly resolves cases and requires confidentiality as part of settlements in order to shield the facts and circumstances of prior incidents from publicly available sources. Accordingly, Defendant is orchestrating and is actively involved in concealment of prior incidents which may be substantially similar to the present incident, which may only be determined through discovery in litigation.

## COUNT I – GENERAL NEGLIGENCE AGAINST DEFENDANT

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

LIPCON, MARGULIES & WINKLEMAN, P.A.

16. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

17. On or about July 1, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a. Failure to provide clean and dry flooring in the subject area; and/or

b. Failure to adequately and regularly inspect the subject area for wet, slippery, and/or hazardous liquid and/or condensation on the floor; and/or

c. Failure to adequately and regularly monitor the subject area to maintain it free of wet, slippery, and/or hazardous liquid and/or condensation on the floor; and/or

d. Failure to regularly and adequately clean the subject area; and/or

e. Failure to close off and/or place visible warning signs on or around the wet, slippery, and/or hazardous liquid and/or condensation on the floor of the subject area; and/or

f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned and maintained free of wet, slippery, and/or hazardous liquid and/or condensation on the floor; and/or

g. Failure to promulgate and/or enforce adequate policies and procedures to ensure that visible warning signs are placed on or around wet, slippery, and/or hazardous liquid and/or condensation on the floor and/or hazardous areas are closed off; and/or

h. Failure to analyze prior slip-and-fall incidents aboard Defendant's vessels occurring in the same and/or similar area so as to remedy such hazardous conditions; and/or

i.  Failure to utilize a reasonably safe flooring surface in light of the anticipated purpose of the area; and/or

j.  Failure to have non-slip and/or non-skid flooring surface on the subject area; and/or

k.  Failure to identify the dangerous and/or hazardous condition(s) which caused Plaintiff to be injured by wet, slippery, and/or hazardous liquid and/or condensation on the floor at or around the laser tag floor placed directly on top of the ice-skating rink; and/or

l.  Failure to correct hazardous condition(s) following prior incidents on the same or similar flooring in the same and/or similar area.

18. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

19. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) the facts alleged in paragraphs 11-15, (b) its cleaning and/or inspection of the subject area prior to this incident, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area.  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

20. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired.  The injuries are

permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

**COUNT II – NEGLIGENT FAILURE TO WARN**

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

21. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

22. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to visit.

23. On or about July 1, 2025, the Plaintiff was playing laser tag in Studio B, which was set up directly on top of the ice-skating rink, aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

24. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to adequately warn passengers, including the Plaintiff, of the wet, slippery, and/or hazardous liquid and/or condensation on the floor of the subject area; and/or

- 7 -

b. Failure to adequately warn passengers of the risks and/or dangers associated with the unreasonably wet, slippery, and/or hazardous liquid and/or condensation on the floor of the subject area; and/or

c. Failure to adequately warn passengers, including the Plaintiff, of the hazardous condition(s) of wet, slippery, and/or hazardous liquid and/or condensation on the floor; and/or

d. Failure to warn passengers and the Plaintiff of other incidents previously occurring in the same area and/or same flooring; and/or

e. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by the wet, slippery, and/or hazardous liquid and/or condensation on the floor in the subject area; and/or

f. Failure to correct hazardous conditions following prior accidents occurring in the same and/or similar areas.

25. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

26. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not warn about them.  Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) the facts alleged in paragraphs 11-15, (b) its cleaning and/or inspection of the subject area prior to this incident, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

27. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT III – NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through fifteen (15) as though alleged originally herein.

28. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

29. At all times material hereto, it was the duty of Defendant to maintain the vessel, including the subject floor and surrounding area, in a reasonably safe condition.

30. On or about July 1, 2025, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to adequately and regularly monitor and/or inspect the flooring in the subject area to determine whether it was unreasonably wet, slippery, and/or hazardous liquid and/or condensation; and/or

b.   Failure to adequately maintain the surface and/or flooring of the subject area in a reasonably safe condition in light of the anticipated use of the area; and/or

c.   Failure to adequately maintain the flooring surface of the subject area in a reasonably safe condition if/when the subject area floor became wet, slippery, and/or hazardous, including, but not limited to, closing off the subject area that was dangerously wet, slippery, and/or hazardous liquid and/or condensation; and/or

d.   Failure to adequately maintain the flooring surface of the subject area in a reasonably safe condition if/when the subject area floor became wet, slippery, and/or hazardous, including, but not limited to, placing visible signage to warn passengers of hazardous areas; and/or

e.   Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, cleaned, dried and maintained free of hazards; and/or

f.   Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject area in a reasonably safe condition and free of slip-and-fall hazards; and/or

g.   Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the areas near and/or around the subject area in a reasonably safe condition.

31. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

32. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them.   Defendant's knowledge of the foregoing condition(s) was

LIPCON, MARGULIES & WINKLEMAN, P.A.

specifically acquired through (a) the facts alleged in paragraphs 11-15, (b) its cleaning and/or inspection of the subject area prior to this incident, and/or (c) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area.  Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

33. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: May 11, 2026

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd., Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:  */s/ Elizabeth Irazabal*
**JACQUELINE GARCELL LEWIS**
Florida Bar No. 104358
jgarcell@lipcon.com
**ELIZABETH IRAZABAL**
Florida Bar No. 1010997
eirazabal@lipcon.com